appellee's evidence as to the condition of his eyes shall have no probative force. Such evidence is to be considered by the board along with other evidence, expert and otherwise, and after hearing all of the evidence the board under the provisions of §31 of the Workmen's Compensation Act, Acts 1915 p. 392, §80201 Burns' Supp. 1921, in force at the time of the accident, determines the amount of compensation to be allowed. It is not necessary that the board state in its award the method by which it reached its result, and its discretion will not be disturbed by this court unless an abuse thereof appears. The petition for rehearing is denied.

---

MID-CITY REALTY COMPANY v. ST. MICHAEL GREEK CATHOLIC CHURCH ET AL.

[No. 10,985. Filed November 30, 1921.]

From Lake Circuit Court; Harry L. Crumpacker, Special Judge.

Action between the Mid-City Realty Company and the St. Michael Greek Catholic Church and others. From the judgment rendered, the former appeals. Appeal dismissed.

Otto J. Bruce, William H. Matthew and Foster Bruce, for appellant.

Knapp & Campbell, Pattee & Johnson and William Beye, for appellees.

REMY, J.—Dismissed on authority of Kreuter v. English Lake Land Co. (1902), 159 Ind. 372, 65 N. E. 4.

---

WEBER ET AL. v. REPUBLIC CONSTRUCTION COMPANY.

[No. 11,158. Filed June 23, 1921. Rehearing denied November 30; 1921.]

From Marion Circuit Court (28,827); Louis B. Ewbank, Judge.

Action between Frank L. Weber and others and the Republic Construction Company. From the judgment rendered, the former appeal. Affirmed.